# STEVEN SIEGEL, P.C.
### ATTORNEYS AT LAW
### 123-12 82ND AVENUE
### KEW GARDENS, NEW YORK 11415

STEVEN SIEGEL
WENDY K. BISHOP

TEL (718) 520-0413
FAX (718) 544-7044

April 15, 2008

By e-mail: eileen_levine@nysd.uscourts.gov

Hon. Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007



Re: Franklin v Fujitec Serge of NY et al.
1:07-cv-8590

Honorable Sir:

This letter is sent by plaintiff's attorney for Your Honor to rule on a time parameter for the Mediation herein, which was originally scheduled for April 16, 2008. Because the factors involved in setting a meaningful date for the Mediation will be the subject of prospective motion practice, it is requested that Your Honor schedule a pre-motion conference as required by Rule 2.A. of Your Honor's Individual Practices, and consider the Mediation date at that time.

BACKGROUND

This is an action alleging an assault and battery upon the plaintiff by an individual who was employed by Fuji America, Inc. [Fuji]. The action was originally filed in the Supreme Court of the State of New York, County of Bronx, on July 6, 2007. The defendant Fuji caused the action to be removed to the SDNY based upon Diversity of Citizenship. When the original action was filed, the plaintiff was not aware of the name of the Fuji employee who assaulted him, and, as a result, Fuji employee was named as "John Doe". In response to demands for disclosure made by plaintiff upon Fuji, Fuji revealed the name of the defendant John Doe to be Patrick Dineen. However, Fuji refused to reveal Patrick Dineen's address. By Order of this Court dated April 4, 2008, it was ordered that Patrick Dineen either consent to service [at Fuji America, Inc] in which case the defendant Fuji need not provide Mr. Dineen's residence address; or, not consent, in which case the defendant Fuji would be required to provide his address. The attorney for Fuji thereafter notified plaintiff that Dineen consented to service at Fuji's office. Plaintiff's attorney asked Defendant Fujitec's attorney to reveal just the name of the State

of defendant Dineen's residence, but he refused. A copy of the original summons and amended verified complaint, affidavit of service and answer were then served on Patrick Dineen via mail addressed to Fuji. This was done by regular mail and certified mail, return receipt requested on April 10, 2008. On April 11, 2008, plaintiff, as a result of investigation, obtained information that Mr. Dineen is in fact a resident of the State of New York

THE MEDIATION

The mediation was initially scheduled for April 16, 2008. At the time of the scheduling, plaintiff's attorney was not aware of the actual name for the "John Doe", and not having "John Doe's" address, notice to him of the Mediation was not possible. As was set forth above, notice of this lawsuit to Patrick Dineen, previously called "John Doe" was first made on April 10, 2008, by mail to his employer, Fujitec. No one has appeared for Patrick Dineen as of this date. In view of the fact that all PRINCIPAL PARTIES were required to attend the Mediation, it was obvious that an adjournment would be needed. Mr. Dineen was, allegedly, the primary defendant responsible for the occurrence, and is certainly a principal party. For this reason, with Defendant Fujitec's attorney's consent, Plaintiff's attorney contacted Ms. Maria Sclafani, and explained the various issues which needed resolution prior to the Mediation. Ms. Sclafani, after considering the various issues, which are addressed below, reasonably suggested that Plaintiff's attorney consult with Ms. Eileen Levine, who directed that I write a letter to Your Honor's attention, requesting a postponement sufficiently in the future to allow the various issues to be resolved.

ISSUES

The Plaintiff contends that a valid action against Patrick Dineen was commenced when Plaintiff filed his Summons and Complaint in state court, which set forth "John Doe" instead of Patrick Dineen. The Defendant Fujitec's attorney, who has not advised Plaintiff's attorney if he will be representing Patrick Dineen, has expressed his opinion that the filing in state court did not commence an action against Patrick Dineen, and that because the period of time under New York law for the commencement of an action for assault and battery is one year from the date of occurrence [7/11/06], it is now too late to do so. Should Patrick Dineen appear herein, and move to dismiss on these grounds, sufficient time will be needed to permit a determination by Your Honor.

A second issue is whether or not the service of the summons and complaint was properly made upon Patrick Dineen, then known as "John Doe", when, on 9/5/07, it was mailed to him at his employer's address, as permitted under New York State law. If not, then the mailing to him on 4/10/08 would satisfy the 120 day time period only if the Court may extend the time for such service to 4/10/08.

A third issue is, in case the Court determines that the action against Patrick Dineen was not properly commenced by the initial filing under the name of "John Doe". Under those circumstances, plaintiff will have to move to join Patrick Dineen into this

action as a person united in interest with the defendant Fujitec, notwithstanding the expiration of the Statute of Limitations.

    Plaintiff will also need to file a motion to amend the pleadings pursuant to FRCP Rule 15(a) and/or FRCP Rule 15(c) to properly set forth Patrick Dineen's name in this action, and to correctly set forth Fujitec's name as Fujitec America, Inc.

    And finally, although Your Honor's rules do not require a Pre-Motion conference for a Rule 6(b) motion, out of respect for the Court's time, Plaintiff's attorney wishes to mention that Plaintiff intends to file such a motion before the end of next week for an extension of time to file a motion to remand pursuant to FRCP Section 1447(c). Patrick Dineen is a resident of the State of New York, the state in which this action was brought. FRCP Section 1441(b) provides that a diversity action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought". Mr. Dineen is such a person. This motion could not have been made within 30 days of removal because neither the name nor address of Patrick Dineen was known to the plaintiff. The resolution of this motion is intricately related to, and possibly dispositive of, the prior mentioned issues, and the Court may deem it preferable to deal with it at the same time as the others.

    Respectfully submitted,

STEVEN SIEGEL SS0995
Attorney for Plaintiff
123-12 82nd Avenue
Kew Gardens, NY 11415
718-520-0413
718-544-7044 FAX

CC:
Gerald Neal Swartz, Esq.
Attorney for Defendant Fujitec
475 Park Avenue
New York, NY 10016

Patrick Dineen, Defendant
c/o Fujitec American, Inc.
215 Entin Road
Clifton, New Jersey 07014

Ms. Maria Sclafani
Mediation Office

*[Handwritten:]* All parties shall appear before the Court on April 18, 2008 at 12:15 PM.

**SO ORDERED**
Dated: 4/15/08
RICHARD J. SULLIVAN
U.S.D.J.