**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
**LEONIS FRANKLIN,**

                                                                                    **Docket No. 07 CV 8590**
                                                                                              (RS/DF)

                                                                                    **AFFIRMATION IN**
                                       *Plaintiff,*                              **SUPPORT OF**
    -against-                                                                               **MOTION TO**
                                                                                       **SUBSTITUTE COUNSEL**

**FUJITEC SERGE OF NY and "JOHN DOE"**
**a fictitious name for a foreman employed by**
**FUJITEC SERGE OF NY,**
                                        *Defendants.*
-------------------------------------------------------------------------------

        KENNETH T. KERNER, an attorney duly admitted to practice law in before this Honorable Court, pursuant to FRCP Rule 11(a) affirms as follows:

        1.    I am associated with KERNER & KERNER, the proposed incoming attorneys for the plaintiff in the above entitled action and as such am fully familiar with all of the facts and circumstances set forth herein.

        2.    This affirmation is submitted in support of the within motion, pursuant to Local Rule 1.4 for an order, (a) permitting Kerner & Kerner to substitute as attorneys for plaintiff in the place and stead of Steven Siegel, P.C., (b) directing Steven Siegel, P.C. to turn over his entire file in the within action to Kerner & Kerner, Esqs. within twenty (20) days from the date of the Order to be made hereon, (c) granting Steven Siegel, P.C. a charging lien against the proceeds of any recovery had herein, the extent of which is to be determined at the conclusion of the within action by stipulation or further order of this Court, and (d) granting such other and further relief as to this Court may seem just and proper in the circumstances.

        3.    The within action seeks compensation for pain and suffering as a result of an assault and battery by defendant's employee, Patrick Dinenn, on or about July 11, 2006. An action was originally commenced by outgoing counsel, Steven Siegel, Esq. by the filing of a summons and verified complaint in New York State Supreme Court and subsequently removed to

this Court by defendant herein based upon diversity of citizenship.

4. Thereafter, irreconcilable differences arose with respect to the continued representation of outgoing counsel for the plaintiff and the plaintiff, which resulted in the subsequent retention of the office of the undersigned on or about June 18, 2008.

5. In view of the legal and ethical constraints imposed upon your affirmant, particularization as to the aforesaid irreconcilable differences cannot be spread upon the public record. Needless to say, if this Court so directs, your affirmant shall make this information available during an in camera hearing.

6. Moreover, it is respectfully submitted that in a civil case, such as the within action, where irreconcilable differences exist between the attorney and client, a motion to be relieved by counsel is properly made and should be granted (Sansiviero v. Sanders, 117 A.D.2d 794, 499 N.Y.S.2d 431, appeal dismissed, 68 N.Y.2d 805, reargument denied, 68 N.Y.2d 998; Martini v. Leland, 116 Misc.2d 231, 455 N.Y.S.2d 354; Solomon v. Solomon, 172 A.D.2d 1081, 569 N.Y.S.2d, 259; Charney v. North Jersey Trading Corp., 150 Misc.2d 849, 578 N.Y.S.2d 100; C.P.L.R. 321[b][2]; Judiciary Law §475).

7. That attached as Exhibit "A" hereof is a duly executed Consent to Change Attorneys duly signed by plaintiff and respective counsel herein.

8. Thereafter, at a scheduling conference held before this Court on July 22, 2008, respective counsel appeared before Your Honor and advised this Court as to the proposed substitution of counsel. Said application was unopposed by outgoing counsel or counsel for defendant herein, and this Court orally granted the application. Thereafter, a docket entry was made by this Court directing the undersigned to file a motion for substitution of counsel on or before July 31, 2008.

9. That no previous application for the same or similar relief has been made herein.

WHEREFORE, it is respectfully requested that this Court grant an Order, (a) permitting the law firm of Kerner & Kerner to substitute as attorneys for plaintiff herein in the place and stead of Steven Siegel, P.C. (b) directing Steven Siegel, P.C. to turn over his entire file in the within action to Kerner & Kerner, Esqs. within twenty (20) days from the date of the Order to be made hereon, (c) granting Steven Siegel, P.C. a charging lien against the proceeds of any recovery had herein, the extent of which is to be determined at the conclusion of the within action by stipulation or further order of this Court, and (d) granting such other and further relief as to this Court may seem just and proper in the circumstances.

Dated: New York, New York,
      July 29, 2008.

                                                                             s/_____
                                                                            Kenneth T. Kerner (KK 5736)